UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIRE STICKERS, LLC,

    Plaintiff,

v.                                            Case No: 6:19-mc-2-Orl-41TBS

SCUDERIA AUTOMOBILI, TIRE
GRAFICX, INC., EMINEL HOLDINGS,
INC. and DOES 1-10,

    Defendants.

## ORDER

This case comes on for consideration on Plaintiff's Motion to Compel Deposition and for Sanctions (Doc. 4). Plaintiff registered a judgment entered in the Central District of California in this district on January 22, 2019 (Doc. 1). Plaintiff noticed the depositions duces tecum (in aid of execution) of Defendant TIRE GRAFICX, Inc., and non-party Steven Mandala, for May 22, 2019 at 1:00 p.m. and 2:30 p.m. respectively. Plaintiff served a Rule 45 subpoena on Mr. Mandala, setting his deposition in Orlando for "5/22/2019 2:30 **a.m.**" (Doc. 4-1). On May 15, 2019, Plaintiff's counsel emailed Mr. Mandala to confirm his attendance:

> Steve- As you know I have noticed the depositions (duces tecum) of the corporate representative of Tire Graficx, and of yourself at 1 pm and 2:30 pm respectively for May 22, 2019 at Esquire Depositions, 200 E. Robinson Street, Ste. 725, Orlando, FL 32801. You have received the notices both by certified mail and process server. Please confirm you will be there for the depositions.

Mandala responded:

> I will be there for the 2:30 deposition. There is no corporate representative of Tire Graficx Inc., as the company was dissolved and is inactive.

(Doc. 4-3).

Reassured, counsel traveled to Orlando for the deposition. On May 22, 2019, Mr. Mandala did not appear at 2:30 p.m., but claims he appeared at 2:30 a.m., as the subpoena instructed (Doc. 7). Plaintiff brings the instant motion seeking an order directing Mr. Mandala to appear for deposition and for an award of attorney's fees and costs for the failure to attend. Mr. Mandala opposes this relief (Doc. 6).

The Court agrees with Plaintiff's observation that Mr. Mandala was "entirely aware of the actual noticed time of the deposition" and "wants to take advantage of a scrivener's error … to avoid the proceeding." (Doc. 4 at 4). Unfortunately for Plaintiff, Mr. Mandala was entitled to do so. He is a non-party and his appearance is governed by Rule 45, not the notice of taking deposition served on the party. Under Rule 45, every subpoena must:

> (i) state the court from which it issued;
>
> (ii) state the title of the action and its civil-action number;
>
> (iii) command each person to whom it is directed to do the following at a **specified time and place:** attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and
>
> (iv) set out the text of Rule 45(d) and (e).

See FED. R. CIV. P. 45 (emphasis supplied). While the Court accepts that the time set was a scrivener's error, errors in a Rule 45 subpoena generally preclude their enforcement. See Blasini v. Louisville Ladder, Inc., 616CV1555ORL40GJK, 2017 WL 3635034, at *2 (M.D. Fla. Feb. 7, 2017) (motion to compel denied where party served a subpoena on November 28, 2016, but the compliance date of the subpoena was November 17, 2016,

meaning witness had to comply with the subpoena before it was served). Here, there is no basis to compel compliance with the subpoena, as the subpoena directed an appearance at 2:30 a.m., and Mr. Mandala apparently complied. Absent any non-compliance with the subpoena, as it is written, there is no basis for an award of fees as a sanction.[1] "Where there are defects in a subpoena that can be cured by amendment and re-service, the better practice is to allow the requesting party that opportunity." Cincinnati Ins. Co. v. Cochran, No: 5:04mc2/RV/MD, 2004 WL 5246993, at *4 (N.D. Fla. 2004).

Now, the motion to compel is **DENIED.** Plaintiff may serve an amended subpoena which is fully compliant with the requirements of Rule 45.

**DONE** and **ORDERED** in Orlando, Florida on July 19, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties

---

[1] In a display of real chutzpah, Mr. Mandala asks for his own award of sanctions for having to get up at that hour and for missed pay for leaving work early, as he was tired. Because all of these "damages" were easily avoidable if Mr. Mandala had clarified the time with counsel prior to the deposition date, he is entitled to nothing.